# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

FLEXIWORLD TECHNOLOGIES, INC.,

    *Plaintiff*,

v.

HISENSE CO., LTD., QINGDAO HUATONG STATE-OWNED CAPITAL OPERATION (GROUP) CO. LTD., HISENSE VISUAL TECHNOLOGY CO., LTD., QINGDAO HISENSE ELECTRONICS INDUSTRY HOLDINGS CO., LTD. HISENSE IMPORT & EXPORT CO. LTD., HISENSE INTERNATIONAL CO., LTD., HISENSE INTERNATIONAL (HK) CO., LTD., HISENSE INTERNATIONAL (HONG KONG) AMERICA INVESTMENT CO., LTD., HISENSE INTERNATIONAL AMERICA HOLDINGS CO., LTD., GUIYANG HISENSE ELECTRONICS CO., LTD., GUIYANG INDUSTRIAL AND COMMERCIAL ASSETS MANAGEMENT CO., LTD., and HISENSE ELECTRONICA MEXICO S.A. DE C.V.

    *Defendants*.

Case No. 2:22-CV-00225-JRG
Case No. 2:22-CV-00227-JRG
Case No. 2:22-CV-00228-JRG

**JURY TRIAL DEMANDED**

**PUBLIC VERSION**

## STIPULATION OF DISMISSAL OF
## SPECIFIED DEFENDANTS WITHOUT PREJUDICE

Pursuant to FED. R. CIV. P. 41(a)(1)(A)(ii), Plaintiff Flexiworld Technologies, Inc. ("Plaintiff") and Defendants Hisense Visual Technology Co., Ltd.; Hisense International Co. Ltd.; and Hisense International (Hong Kong) America Investment Co., Ltd. (the "Remaining Hisense Defendants") agree to dismiss Plaintiff's Complaint as against Defendants Hisense Co., Ltd.; Qingdao Huatong State-Owned Capital Operation (Group) Co., Ltd.; Qingdao Hisense Electronics Industry Holdings Co., Ltd.; Hisense Import & Export Co., Ltd.; Hisense International (HK) Co., Ltd.; Hisense International America Holdings Co., Ltd.; Hisense Electronica Mexico S.A. De C.V.; Guiyang Hisense Electronics Co., Ltd.; and Guiyang Industrial and Commercial Assets Management Co., Ltd. (collectively, the "Dismissed Hisense Defendants") without prejudice to refiling same, and with no award of fees or costs, based on the following:

The Remaining Hisense Defendants represent that: (1) they are sufficiently capitalized to pay any judgment rendered in this case, including all damages, attorneys' fees, and costs; (2) they are financially responsible, and legally liable, for any judgment rendered in this case, whether on their behalf, on behalf of the Dismissed Hisense Defendants, or otherwise; (3) they will not argue that any of the Dismissed Hisense Defendants are financially responsible, or legally liable, for any judgment rendered in this case; (4) the Dismissed Hisense Defendants do not directly make, use, sell, or offer to sell (in each case in the United States), or import into the United States, any of the product or categories of products accused in Plaintiff's Complaint;

1

████████████████████████████████████████

████████████████████████████

For the purposes of discovery in this matter, upon entry of an order of dismissal of the Dismissed Defendants without prejudice, information, witnesses, and documents in the possession, custody, or control of the Dismissed Hisense Defendants shall be deemed in the possession, custody, or control of the Remaining Hisense Defendants, but only to the extent they may be relevant to this litigation.

Plaintiff on the one hand, and the remaining Hisense Defendants on the other hand, agree that any depositions of the officers or employees of the Remaining Hisense Defendants who reside outside the United States, including personal and corporate depositions pursuant to Federal Rules of Civil Procedure 30(b)(1) or 30(b)(6), respectively, will occur at a location mutually agreed to by the parties, or, if the parties cannot reach agreement, shall be submitted to the Court for resolution consistent with the procedures adopted by the Court for the resolution of discovery disputes. Plaintiff on the one hand, and the Remaining Hisense Defendants on the other hand, agree to meet and confer in good faith in an attempt to resolve any disputes regarding the location of depositions prior to seeking resolution by the Court. For any depositions taken outside the United States, the Remaining Hisense Defendants agree that Plaintiff shall not be restricted to the use of U.S. consular or U.S. Embassy premises or consular officers for certification unless required by the law of the country in which the deposition is to take place. The parties to this Stipulation further agree to waive any objection to a stenographer, provided the stenographer is authorized either under the law of the country in which the deposition is taken or is a notary public in one of the states, territories, or District of Columbia, of the United States.

If during the pendency of the above styled action, any of the stipulations made by the Remaining Hisense Defendants change in any way, the Remaining Hisense Defendants must notify Plaintiff in writing within ten (10) business days for counsel for the Remaining Hisense Defendants becoming aware of such change.

The dismissal of Plaintiff's Complaint is expressly made without prejudice to Plaintiff's ability to refile the same.  In the event a complaint for infringement of any of the patents in suit is refiled against a Dismissed Hisense Defendant, the Remaining Hisense Defendants stipulate that the provisions of Fed. R. Civ. P. 41(d) shall not apply.

Dated:  September 2, 2022

**PERKINS COIE LLP**


/s/ *Matthew C. Bernstein*

Matthew C. Bernstein
CA State Bar No. 199240
MBernstein@perkinscoie.com
Patrick McKeever
CA State Bar No. 268763
PMcKeever@perkinscoie.com
Wei Yuan (*Pro Hac Vice*)
WYuan@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130-2080
Telephone: (858) 720-5700
Facsimile: (858) 720-5799

R. Tyler Kendrick
Texas Bar No. 24097929
rkendrick@perkinscoie.com
1201 Third Ave., Suite 4900
Seattle, WA 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

*Attorneys for Defendants*

Respectfully submitted,

**NELSON BUMGARDNER CONROY PC**


/s/ *Timothy E. Grochocinski*

Timothy E. Grochocinski
Illinois Bar No. 6295055
tim@nelbum.com
Charles Austin Ginnings
New York Bar No. 4986691
austin@nelbum.com
15020 S. Ravinia Avenue, Suite 29
Orland Park, Illinois 60462
Telephone: (708) 675-1974

*Attorneys for Plaintiff*
*Flexiworld Technologies, Inc.*

4

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendants have complied with Local Rule CV-7(h) by conferring, and all parties agree to file this as an agreed Stipulation.

*/s/ Matthew C. Bernstein*
Matthew C. Bernstein


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed electronically UNDER SEAL and served by e-mail on September 2, 2022, to all counsel of record.

*/s/ Matthew C. Bernstein*
Matthew C. Bernstein


## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7), the undersigned counsel hereby certifies that a motion to seal the parties' Stipulation of Dismissal of Specified Defendants Without Prejudice was filed with the Court on September 2, 2022.

*/s/ Matthew C. Bernstein*
Matthew C. Bernstein

5